## VICTOR TALKING MACH. CO. v. AMERICAN GRAPHOPHONE CO.

(Circuit Court, S. D. New York. April 6, 1910.)

**PATENTS (§ 211\*)—INFRINGEMENT—VIOLATION OF INJUNCTION—"OPERATE UNDER A PATENT."**

A license to "operate under a patent" does not authorize the licensee to buy up infringing articles made by others, who have been adjudged infringers, and resell them under its own name.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 211.\*]

In Equity. Suit by the Victor Talking Machine Company against the American Graphophone Company. On motion to punish defendant for contempt. Motion sustained.

Horace Pettit, for complainant.

C. A. L. Massie, for defendant.

LACOMBE, Circuit Judge. There seems to be no dispute as to the facts. Leeds & Catlin sold infringing records to the Crawford-Simpson Company. The latter sold them to the defendant, which has pasted a new label, "Sir Henri," over the old Leeds & Catlin mark, and is now offering them for sale. Under the decision of the Supreme Court in Leeds & Catlin v. Victor T. M. Co., 213 U. S. 325, 29 Sup. Ct. 503, 53 L. Ed. 816, this would be a violation of the injunction, unless the terms of the contract between the parties, dated June 3, 1907, warrants such action by defendant.

It does not seem to me that it can be thus construed. Although it contains no express words of grant or license, it must, of course, be held as giving the Graphophone Company a license to "operate under the Berliner patent"; but it could hardly have been the intention of both parties to allow the Graphophone Company to gather up wherever it could the infringing records of other convicted violators of complainant's rights and resell them under its own name. Certainly there is no language in the contract which indicates an "operation" of this sort was contemplated or licensed.

Defendant is found to be in contempt, and fined $1,000, payable to the United States.